Filed 1/22/25  P. v. Andrade CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTONIO ANDRADE,<br><br>    Defendant and Appellant. | B332408<br><br>Los Angeles County<br>Super. Ct. No. BA498869 |

APPEAL from an order of the Superior Court of Los Angeles County, Mark Hanasono, Judge. Affirmed.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

Because the issues presented in this appeal are narrow and straightforward, and because we are not publishing this opinion, we resolve this case by memorandum opinion. (See Cal. Stds. Jud. Admin., § 8.1.) We reject defendant and appellant Antonio Andrade's due process and ineffective assistance of counsel arguments relating to his field show-up, and we affirm the judgment.

## PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an amended information charging Andrade with the second-degree robbery of an employee working at a Metro T-Mobile store. (Pen. Code[1], § 211.) The information alleged Andrade used a firearm in the commission of the robbery (§ 12022.5, subd. (a)); and sustained a prior strike conviction. (§§ 667, subds. (b)-(j); 1170.12.) It also alleged the aggravating sentencing factor that the property taken had great monetary value. (Cal. Rules of Court, rule 4.421 (a)(9).)[2]

The jury convicted Andrade of robbery and found true the allegation that the property taken had great monetary value. The court declared a mistrial on the firearm allegation and later dismissed it. In a bifurcated bench trial, the court found the prior strike allegation true. The court denied Andrade's motion to dismiss his prior strike conviction, and sentenced him to 10 years

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     The amended information also alleged other aggravating sentencing factors that were later dismissed and are thus irrelevant to this appeal.

in state prison, consisting of an upper 5-year term, doubled based on the prior strike.[3]

Andrade timely appealed.

## FACTUAL BACKGROUND

The facts underlying Andrade's robbery conviction were as follows. On September 11, 2021, Wendy Perez Cervantez was working as a sales associate at a Metro T-Mobile store on Olympic Boulevard in East Los Angeles. Cervantez was the only employee in the store when, around 12:25 p.m., Andrade walked in and said he wanted to buy an iPhone. Cervantez recognized Andrade. She had known him since childhood. They were not friends, but they grew up in the same neighborhood and went to school together.

When Andrade entered the store, he wore a black bucket hat and a facemask (the robbery occurred during the pandemic). Despite Andrade's facemask, Cervantez could tell it was him based on his "distinctive" eyes, which she described as "sad," "droopy," and "tired."

When Cervantez went to the back room to retrieve an iPhone for Andrade, he sprinted behind her, placed a gun behind her back, and ordered her to put the entire iPhone inventory in a bag. Although Cervantez saw the gun and could not tell if it was real or fake, she was very scared it could be real and Andrade might shoot her.

Cervantez grabbed the iPhones and placed them in a bag for Andrade. Consistent with her training, she also included a smart phone box that looked like it contained an actual phone,

---

3 The court imposed a consecutive sentence in Andrade's unrelated probation cases.

3

but instead contained a GPS device used to track shoplifters and robbers. Andrade shoved Cervantez aside, grabbed some tablets, placed them in the bag along with the iPhones, and ran out of the store.

Police tracked the GPS device to Andrade and arrested him. In his car, they discovered iPhones, tablets, and the GPS device, with serial numbers matching the items stolen from the store.

Cervantez identified Andrade as the robber in a field show-up, stating he had changed his clothes since the robbery, but she nonetheless recognized him as the robber because of his eyes. Before the field show-up, police admonished Cervantez that she was under no obligation to identify Andrade as the assailant. Later, when testifying in court, Cervantez again identified Andrade as the robber, explaining they grew up together, and she recognized him as the robber based on his distinct eyes.

## DISCUSSION

### A. Andrade's Due Process Argument

On appeal, Andrade argues the one-person field show-up was unnecessarily suggestive in violation of his due process rights, requiring reversal.[4]

We are highly skeptical of Andrade's contention that the field show-up violated due process. For Andrade to succeed on this claim, the record must demonstrate the field identification was unreliable under the totality of the circumstances (*People v. Cunningham* (2001) 25 Cal.4th 926, 989 (*Cunningham*)), which is

---

4     Andrade's counsel makes these arguments in the opening brief but did not file a reply brief.

virtually impossible here because Cervantez grew up with Andrade and recognized him immediately both when the robbery occurred and later at the field show-up.[5] Indeed, given that Cervantez had known Andrade for so long, it is difficult to envision many factual scenarios in which an identification would be more reliable than the one in this case.

We need not, however, resolve whether the field show-up violated due process. Even assuming it did, that purported error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24.) As discussed above, Cervantez knew Andrade was the robber because they grew up together; she recognized him immediately during the robbery based on his distinct physical traits; and she identified him as the robber when testifying to the jury in court. Because Cervantez knew Andrade, immediately recognized him as the robber, and testified he was the robber, any purported erroneous admission of the field show-up evidence was harmless beyond a reasonable doubt. This conclusion is further supported by the fact that the officers who searched Andrade's car when they arrested him found several iPhones and tablets, as well as the GPS tracker, all of which

---

5      "In order to determine whether the admission of identification evidence violates a defendant's right to due process of law, we consider (1) whether the identification procedure was unduly suggestive and unnecessary, and, if so, (2) whether the identification itself was nevertheless reliable under the totality of the circumstances, taking into account such factors as the opportunity of the witness to view the suspect at the time of the offense, the witness's degree of attention at the time of the offense, the accuracy of his or her prior description of the suspect, the level of certainty demonstrated at the time of the identification, and the lapse of time between the offense and the identification." (*Cunningham, supra,* 25 Cal.4th at p. 989.)

matched the serial numbers of the items Andrade had taken from the store. Simply put, we reject Andrade's argument on prejudice grounds because,
even excluding the field show-up, the evidence of guilt in this case was overwhelming.

### B. Andrade's Ineffective Assistance of Counsel Argument

In a related argument, Andrade contends trial counsel was prejudicially ineffective by not adequately challenging the field show-up in the trial court. This argument fails on prejudice grounds as well. In order to succeed in arguing ineffective assistance of counsel, a defendant must demonstrate a reasonable probability of a more favorable result absent counsel's allegedly deficient conduct. (*Strickland v. Washington* (1984) 466 U.S. 668, 694.) We need not decide here whether trial counsel's performance was deficient. Even assuming it was, because Cervantez knew Andrade from childhood, immediately recognized him as the robber, and testified he was the robber to the jury, it is not reasonably probable Andrade would have received a more favorable outcome at trial absent the admission of the field show-up evidence. (*Ibid*.) This conclusion is again supported by the fact that Andrade had all the stolen items from the store in his possession when he was arrested.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

ZUKIN, J.

SIGGINS, J.*

---

\* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7